

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-1079
Re: Is the State Registrar under any con-
ditions authorized to refuse to file
a record which has been approved by
the county judge? And other questions,
involving the construction of H. B.
614, 46th Leg., Reg. Session, 1939.

Your request for an opinion of this depart-
ment on the following four questions has been receiv-
ed.

"(1) Is the State Registrar, under any
conditions authorized to refuse to file a rec-
ord which has been approved by the County
Judge?

"(2) When the record of an unregistered
birth or death is submitted to the County Judge,
who should pay the fees due the County Judge
and the County Clerk for handling this record,
as provided for in this Act?

"(3) Are the fees mentioned above con-
trolled by and included in Article 3925 and
Article 3930, Revised Statutes of 1936?

"(4) What entry, if any, should be made
in the minutes of the Probate Court as to the
consideration of the record?"

The pertinent paragraph of H.B. 614 of the
Forty-sixth Legislature, involving births and deaths
"not previously registered" is contained in Section 2
and reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. Geo. W. Cox, Page 2

"And provided further, that any citizen
of the State of Texas wishing to file the rec-
ord of any birth or death, not previously reg-
istered, may submit to the Probate Court in the
county where the birth or death occured, a
record of that birth or death written on the
adopted forms of births and death certificates.
The certificate shall be substantiated by the
affidavit of the medical attendant present at
the time of the birth, or in case of death,
the affidavit of the physician last in atten-
dance upon the deceased, or the undertaker who
buried the body. When the affidavit of the
medical attendant or undertaker cannot be secur-
ed, the certificate shall be supported by the
affidavit of some person who was acquainted
with the facts surrounding the birth or death,
at the time the birth or death occured, with
a second affidavit of some person who is ac-
quainted with the facts surrounding the birth
or death, and who is not related to the individ-
ual by blood or marriage. The Probate Court
shall require such other information or evidence
as may be deemed necessary to establish the
citizenship of the individual filing the certi-
ficate, and the truthfulness of the statements
made in that record. The Clerk of the said
Court shall forward the certificate to the
State Bureau of Vital Statistics with an order
from the court to the State Registrar that the
record be, or be not, accepted. The State Reg-
istrar is authorized to accept the certificate
when verified in the above manner, and shall
issue certified copies of such records as pro-
vided for in Section 21 of this Act. Such cer-
tified copies shall be prima facie evidence in
all Courts and places of the facts stated there-
on. The State Bureau of Vital Statistics shall
furnish the forms upon which such records are
filed, and no other form shall be used for that
purpose." (Underscoring ours).

Particular attention is called to the follow-
ing sentences:

"The clerk of the said Court shall for-



Dr. Geo. W. Cox, Page 3

> ward the certificate to the State Bureau of Vi-
> tal Statistics <u>with an order from the Court</u> to
> the State Registrar that the record be, or be
> not accepted. <u>The State Registrar is author-
> ized to accept</u> the certificate when verified
> in the above manner, * * *" (Underscoring ours)

The above quoted section of H. B. 614 creates a
new method for the registration of births and deaths
"not previously registered". In opinion No. O-1201
this department has held the phrase "not previously
registered" applicable to all records and certificates
of birth and death not registered in strict compliance
with Section 9 and 12 of Article 4477, Revised Civil
Statutes. The new method involves the haring of evi-
dence by the Probate Court and an order of the court
verifying or denying the record and instructing the
State Registrar to accept or reject the record. In
opinion No. O-1203 we have ruled that the matter of de-
layed registration of births and deaths be accorded
the status and dignity of a probate proceeding and that
a record of the proceedings be kept.

In view of the above reasoning and previous opin-
ions of this department, it follows that the order of
the Probate Judge accompanying the certificate of birth
or death, registration of which has been delayed, has
full judicial force and is binding upon the State Reg-
istrar. The Statute reads that "the State Registrar is
authorized to accept the certificate when verified in
the above manner," i.e. when verified by court order.
At the time the Legislature conferred the authori-
ty to accept the certificate upon the State Registrar,
in our opinion it impliedly subjected the State Regis-
trar to the judgment of the court in respect to the va-
lidity of the record. Consequently, we reach the con-
clusion that the order would be binding upon the State
Registrar. He could not refuse to accept a certificate
of delayed registration of a birth or death. On the
other hand, this does not mean that the State Registrar
could not return a certificate to the Probate Court for
correction when patent errors or omissions, or incon-
sistencies appear on the face of the certificate.

It is our opinion that the State Registrar is

Dr. Geo. W. Cox, Page 4

not authorized under any conditions to refuse to file a record of a birth or death not previously registered which has been approved by the county (probate) judge when said record on its face is technically correct.

Your second question is answered in opinions Nos. 0-1065 and 0-1203 of this department, in which we hold that the fees due the county (probate) judge and county clerk are payable by those who receive the benefit of the services, i.e. the applicants in respect to delayed registration of births and deaths. It is true that the statute (H.B. 614) does not specify who shall bear the burden of paying the fees involved in the preceedings, but it is our opinion that the citizen applying for the delayed registration of birth or death must pay the fees of the county (probate) judge and county clerk.

Your third question is treated in our opinion No. 0-1065. In that opinion we held that Articles 3925 and 3930, Revised Civil Statutes, of the General Fee Statutes, governed in the case of delayed registrations of births and deaths under H.B. 614, and that the county judge and county clerk shall each receive the fee of fifty-cents ($.50) in return for their respective services of entering the order and certifying the same to the Bureau of Vital Statistics.

In respect to the fee of fifty-cents ($.50) for the county clerk, we quoted in opinion 0-1065 the following provision of Article 3930, Revised Civil Statutes:

"Each certificate to any fact or facts contained in the records of his office, with certificate and seal, where not otherwise provided for * * * fifty-cents ($.50)."

The county clerk under said provision would be entitled to fifty-cents ($.50) for forwarding the certificate to the State Bureau of Vital Statistics with an order from the Court.

It is our further opinion that the following provision of Article 3930, Revised Civil Statutes,

Dr. Geo. W. Cox, Page 5

would also apply:

> "Recording all papers required or permitted
> by law to be recorded, not otherwise provided
> for, including certificate and seal, for each
> 100 words * * * ten cents ($.10)."

It is our opinion that the county clerk is also entitled to his recording fee provided for in the above provision Article 3930, Revised Civil Statutes.

Your fourth and final question is fully answered in opinion No. 0-1201 in which this department ruled that applications for registration of birth and death certificates "not previously registered", in accordance with the terms of H. B. 614, should be numbered and entered on the docket of the Probate Court and that all proceedings in connection therewith should be entered in the minutes of the Probate Court.

We suggest the following entry for the minutes of the Probate Court as a general form in the event of the granting of said above registration:

> "On this day, came on to be heard the application of _____, a citizen of the State of Texas, to file the record of the birth (or death) of _____, the said birth (or death) not having been previously registered. The certificate of birth (or death)(as the case may be), having been substantiated by the affidavit of the medical attendant, _____, present at the time of the birth (or death), the affidavit of the physician, _____, last in attendance upon the deceased, or the undertaker _____, who buried the body.
>
> (The medical attendant or undertaker not having been secured): The certificate having been substantiated by an affidavit of a person who was acquainted with the facts surrounding the birth or death, to-wit:_____, who was



not related to the deceased or the individual by blood or marriage (or in the event the court sees fit to require further information or evidence as to the citizenship of the applicant or individual making the certificate), and said certificate being further substantiated by further evidence and affidavits of _____and _____as to the truthfulness of the statements made in the certificate and as to the citizenship of the citizen or individual making the certificate.

It appearing to the court that the birth of _____ occured in the County of _____, State of Texas on the ____ day of _____, A.D. 19_____; (or in case of death), it appearing to the court that the death of _____occured in the County of _____, State of Texas, on the _____ day of _____, A.D. 19_____.

IT IS, THEREFORE, ORDERED that the Clerk of the County Court of the County of _____, State of Texas, forward the certificate to the State Bureau of Vital Statistics, and it is hereby ordered of the State Registrar that the record herein be accepted.

_____
County Judge

Trusting that the above fully answers the four inquiries contained in your letter, we are

Yours very truly

APPROVED
Opinion Committee
　　By BWB
　　Chairman

ATTORNEY GENERAL OF TEXAS

By (Signed)　　*Dick Stout*　　Dick Stout
　　　　　　　　　　　　　　Dick Stout
　　　　　　　　　　　　　　Assistant

DS:ob
ENCLS.　(3 opinions
　　　　0-1065, 0-1201,0-1203)

RJF

Dr. Geo. W. Cox, Page 7


c.c.: Hon. John R. Shook
Criminal District Attorney
San Antonio, Texas

c.c. Hon. Leo. C. Buckley
County Attorney
Zapata County
Zapata, Texas

c.c. Mr. Leon Kotosky
Assistant County Attorney
El Paso, Texas


APPROVED SEPT. 13, 1939

(Signed)

*Gerald C. Mann*

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS